STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  DKT. NO. CV-17-173

DANICA M. STEARNS,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )           **ORDER**
                                      )
ADAM JEFFERSON, et al.,               )
                                      )
        Defendant.                    )

Defendant Adam Jefferson has filed a motion for partial summary judgment, asking the

Court to rule that punitive damages will not be available as an element of damages at trial.[1]

Summary judgment is granted to a moving party where "there is no genuine issue as to any material

fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A

fact is material if it has the potential to affect the outcome of the suit." *Lubar v. Connelly*, 2014 ME

17, ¶ 33, 86 A.3d 642 (quotation marks omitted). When reviewing the record on a motion for

summary judgment, a court views the facts in the light most favorable to the non-moving party.

*See Cormier v. Genesis Healthcare LLC*, 2015 ME 161, ¶ 7, 129 A.3d 944. "Any doubt on this score

will be resolved against the movant, and the opposing party will be given the benefit of any

inferences which might reasonably be drawn from the evidence." 3 Harvey, *Maine Civil Practice* §

56:5 at 240 (3d, 2011 ed.).

---

[1] There is no separate count for punitive damages so there is no such count to dismiss if the defendant prevails. Instead, plaintiff has demanded judgment for punitive damages as well as compensatory damages in her complaint and defendant argues that the Court should not instruct on punitive damages at trial, taking that form of recovery from the plaintiff. Because there is precedent for deciding the punitive damages issue, the Court will decide this issue at summary judgment, since it is raised in the complaint. *See Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 27, 48 A.3d 774 ("To survive summary judgment on [a punitive damages] claim the [plaintiff] must present evidence that [the defendant] acted with malice or implied malice. Malice can be implied where the defendant's deliberate conduct is sufficiently outrageous, but it cannot be implied by the defendant's mere reckless disregard of the circumstances." (citations and quotation marks omitted)).

Viewing the evidence in the light most favorable to the plaintiff, the Court will summarize the incident that produced this litigation. On June 25, 2014, shortly after midnight, Adam Jefferson was operating his Hummer the wrong way on a one way portion of Harlow St. in Bangor, Maine. He collided with the plaintiff who was traveling in the proper direction on Harlow, having just made a left turn from State St. At the time of the crash, the defendant was traveling between 20 and 35 m.p.h.,[2] while the plaintiff was traveling approximately 15 m.p.h.[3] Officers arrived to investigate, conducted field sobriety tests, and eventually administered a breathalyzer test, which yielded a .20 test result. There is no evidence that Mr. Jefferson took any other substances that could impair his driving. Prior to the accident, Mr. Jefferson had consumed several beers at the Hollywood Casino and at a Harlow St. bar. He was never warned by others that he was impaired that evening and has no prior O.U.I. convictions, but has one speeding conviction within the past ten years, and has been involved in one accident (with a deer). He is in the restaurant trade and has had training in detecting intoxication in others, but was performing no work related business on the night of the crash. After the accident he appropriately stayed at the scene until the police arrived.

One additional important fact should be described. At the time of the crash, plaintiff indicated in her deposition that "[o]nce he hit me and I kind of calmed down, realized I was in an accident, he kept accelerating – he was right up against my driver's side door and he kept accelerating and revving his engine, and it felt like he was trying to push my car out of the way

---

[2] Her statement of speed to the adjuster is clearly not admissible and, in her deposition, Ms. Stearns indicated she did not know defendant's speed. Her statement at the hospital that he was going 35 m.p.h. at the time of the crash may be admissible if the speed of the vehicles is important to the physician for diagnosis and treatment purposes, which isn't particularly clear.

[3] In the same statement at the hospital, she said she was traveling 5 m.p.h.

and keep going." She then said she waved her arms like "hey, I'm in here, stop" and he stopped. The acceleration had lasted for under a minute.

Punitive damages in a negligence case are available only if the plaintiff proves by clear and convincing evidence that the defendant acted with malice. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). "Malice" can either be actual, when it is motivated by ill will toward the plaintiff, or implied, when deliberate conduct by the defendant, although motivated by something other than ill will, is so outrageous that malice toward the injured person can be implied. *Id.* Although malice is implied by proof of recklessness in some jurisdictions, proof of "gross" negligence or "reckless" conduct, alone, does not generate recovery of punitive damages in Maine. *Id.* In *Tuttle*, proof that the defendant ran a red light and was exceeding the posted 25 m.p.h. speed limit by a degree sufficient enough to result in plaintiff's car being sheared in half was insufficient proof of malice to justify an award of punitive damages. *Id.* at 1354, 1362.

The Court has reviewed the summary judgment record and finds that there is no genuine issue of material fact and those facts are insufficient to generate a punitive damages instruction at trial. Other than the allegation of the defendant's continued revving of his engine after the collision, these facts could generate a finding of negligence, or, perhaps gross negligence or recklessness. The defendant was under the influence and drove the wrong way at a moderate speed down a one-way street for a short distance, colliding with the plaintiff's car. The facts that he was driving a Hummer and that he hired counsel before pleading guilty to the related operating under the influence charge are irrelevant. His background in the restaurant business is relevant, but not critical to the analysis. The only fact that potentially separates this from a negligent, gross ly negligent, or reckless breach of the standard of care is the allegation, viewing the evidence in the light most favorable to the plaintiff, that upon colliding with the plaintiff the defendant revved

his engine as if he were trying to push plaintiff's car out of the way and keep going. The fact that he stopped when she waved her arms to let him know she was in the car, however demonstrates the lack of malice, express or implied. Any concerns that his actions were the product of bad motive are erased when it is considered that he immediately stopped when plaintiff made this gesture. Additionally, in light of this cessation of the revving, this does not meet the outrageousness test for implied malice.

Dated: 6/21/19

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 6 24 19